UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE MANUEL NTANGO NDOMBASI,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. C26-4326-MLP

ORDER

The petition for writ of habeas corpus (dkt. # 1) is GRANTED in part.[1] Federal Respondents have expressed their non-opposition to Petitioner Jose Manuel Ntango Ndombasi's request for habeas relief. (Dkt. # 5 at 1 ("Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings.").) Respondents' non-opposition represents both a concession that the petition has merit and a forfeiture of any argument that they might have made against it. *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")); *see also Carrillo v. Mullin*, 2026 WL 2815883, at *1 (C.D. Cal. Sep. 18, 2026). Consequently, the Court could grant

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

the petition on this basis alone.[2] The Court also finds, however, that Petitioner has sufficiently established in his petition that he is entitled to release.

Petitioner is a native and citizen of Angola, who entered the United States in 2023. (Dkt. # 1 at 5.) He was placed into removal proceedings and filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id.*) On February 11, 2026, the Department of Homeland Security ("DHS") moved to pretermit Petitioner's application for asylum based on the government's asylum cooperation agreement with Uganda. (*Id.*) On March 10, 2026, the immigration judge granted the motion to pretermit and scheduled the parties for a hearing on June 5, 2026. (*Id.*) At the June 5, 2026, hearing, Petitioner expressed a fear of removal to Uganda, but the immigration judge ordered him removed to Uganda based on the cooperation agreement. (*Id.*) Petitioner did not appeal the order of removal, which became final on July 5, 2026. (*Id.*)

Petitioner was detained on July 8, 2026, after "voluntarily present[ing] himself to the local ICE office in Tukwila, Washington[.]" (Dkt. # 1 at 6.) On October 20, 2026, DHS moved to reopen Petitioner's removal proceedings to designated Petitioner's country of citizenship, Angola, to the removal order, which was subsequently denied by the immigration judge. (*Id.*) DHS filed a motion for reconsideration, in which DHS conceded it "cannot effect removal to the ACA designated country." (*Id.*; *see id.*, Ex. E at 2.) The motion remains pending. (Dkt. # 1 at 6.)

In Respondents' return, they "concede that there are no travel plans to Uganda and [that] the Department of Homeland Security is seeking to reopen proceedings to pursue a removal order to Petitioner's country of citizenship." (Dkt. # 6 at 1.)

---

[2] "In our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).

Given the government's concession, the Court finds that Petitioner has shown that his removal to Uganda is not significantly likely to occur in the reasonably foreseeable future and his detention has become effectively indefinite under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). His detention, therefore, runs afoul of the Immigration and Nationality Act and entitles him to habeas relief. *See Wana v. Bondi*, 2025 WL 3628634, at *3, 6 (W.D. Wash. Dec. 15, 2025) (finding the six-month presumptively reasonable detention period under *Zadvydas* "rebuttable" and ordering petitioner's release from custody after finding petitioner's removal was not reasonably likely to occur in the foreseeable future). The Court thus concludes that Petitioner has shown by a preponderance of the evidence that his immigration detention is unlawful.

Accordingly, the Court GRANTS in part the unopposed petition (dkt. # 1) and ORDERS that:

(1) Respondents shall release Petitioner **no later than November 25, 2026**, on conditions not to exceed those in effect prior to his July 8, 2026 arrest and detention, if any; and

(2) Respondents shall file a status report no later than **November 30, 2026**, confirming Petitioner's release in compliance with this Order;

(3) Petitioner's request for injunctive and declaratory relief (dkt. # 1 at 15) is DENIED without prejudice as unbriefed.

(4) Any fee petition shall be filed within the timeline set forth in the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Dated this 24th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge